UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PAMELA HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CASE NO. 1:15-cv-1952-JMS-MJD |
| | ) |
| CARRIER CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S STATEMENT OF CLAIMS

Plaintiff Pamela Harris, by counsel, and pursuant to the Amended Case Management Plan entered on October 5, 2016 [Dkt. 48], files her Statement of Claims. The Plaintiff reserves the right to supplement or otherwise amend her Statement of Claims as may be necessary and appropriate pursuant to further orders of the Court and further litigation in this action.

By filing this statement, Plaintiff's counsel certifies that, to the best of counsel's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

## Plaintiff's Claims

**1.     The Plaintiff was subjected to discrimination on the basis of her sex.**

Plaintiff was the only woman in Carrier's Machine Repair Apprentice Program, and after receiving her certification as a Journeyman, the only women in Carrier's Machine Repair Department. Throughout both her Apprentice Program, and her employment as a journeyman, Plaintiff was subjected to terms and conditions of employment that were more onerous than those enjoyed by the male members of the Machine Repair Department.

Harris was told by group leader Orville Gann early during her apprenticeship that women should not be in the skilled trade position. Because Gann was Harris's immediate superior, this created problems for Harris. Gann also repeatedly lied to supervisors about Harris, which related in unwarranted disciplinary actions against her. Supervisor Frank Greenley also criticized Harris because she was "doing a man's job."

Despite Harris's complaints to management, and despite the fact that Greenley was speciffically made aware of Harris's concerns, Greenley continued to humiliate her and others. Ultimately, and significantly after the fact, Greenley was eventually terminated.

Supervisor Rodney Martin used his position to create tension (ultimately resulting in a hostile work environment) between male Machine Repairmen and Harris. Martin also issued Harris work orders that were inappropriate for an apprentice, such as requiring Harris to work on certain jobs alone, despite the fact that, as an apprentice, Harris was supposed to be accompanied by a journeyman for all machine repair assignments. Martin also attempted to interfere with Harris's training by refusing to assign her to certain types of major repairs. At one point, Martin put Harris in an unsafe working environment, which caused Harris to contact Carrier's Safety (EHS) Department. In retaliation for Harris's report, Martin issued Harris a reprimand.

Supervisor Brian Austin used his position to further create hostilities by following Martin's lead and reprimand or threaten reprimand unjustly, criticise, as well as put Harris in harm's way resulting in several incidents of injury.

Supervisor Greg "Alex" Thorpe would sneak behind Harris while Harris was working in isolated areas in the plant and scare Harris. Thorpe would also humiliate Harris by talking arrogantly to her, and by calling her his "girlfriend," even though Harris pleaded with Thorne to stop.

Harris reported these problems to HR and was advised to let them know the next time anything happened (Thorpe has taken a leave of absence and currently was not at Carrier).

Brad Hepner is the Maintenance Department Manager. He was aware of the issues with Harris but refused to interfere or make management stop the negative practices. Brad Hepner has also allowed new hires to purchase tools, but denied Harris the same opportunity.

**2.   Harris was subjected to discrimination on the basis of her disability, and was denied a reasonable accommodation.**

Harris suffered an on-the-job injury to her shoulder that resulted in significant work restrictions, including no crawling or climbing, lifting restrictions, and push/pull restrictions. Additionally, Harris was required to be off work for a prolonged period due to the injury. However, when Harris attempted to return to work, she was routinely assigned to tasks that violated her work restrictions. While Harris was unable to perform these tasks alone, she was able to perform them had she been given assistance by other members of the team.

As a result of Carrier's actions, Harris reinjured her arm in July 2015. She was placed on medical leave, and was tentatively scheduled to return to work on January 2, 2016. However, when Harris attempted to return to work in January 2016, Carrier refused to provide her with either a job within her remaining work restrictions or a reasonable accommodation for her disability. After a

period of several months, Harris was finally allowed to return to work as an Inspector, but was ultimately forced to take additional leave.

**3.      Harris was subjected to retaliation.**

On or about September 14, 2015, Harris timely filed Charge of Discrimination No. 470-2013-02840 with the Equal Employment Opportunity Commission ("EEOC").  The charge alleged discrimination on the bases of race, sex, age, disability, and genetic information, as well as retaliation and violation of the Equal Pay Act.  She also subsequently filed a second EEOC Charge, No. 470-2015-02730 with the EEOC, alleging disability, age, and sex discrimination and retaliation.

The hostility directed toward Harris continued unabated despite filing the two charges. Moreover, after Harris filed the first charge, Carrier retaliated by denying Harris's worker's compensation claim for her original injury, and by denying her a reasonable accommodation for her disabilities.

Respectfully submitted,

   s/   Jay Meisenhelder   
Jay Meisenhelder, Atty. No. 19996-49
JAY MEISENHELDER EMPLOYMENT
& CIVIL RIGHTS LEGAL SERVICES, P.C.
650 North Girls School Road, Suite B20
Indianapolis, IN 46214
Office Telephone:      317/231-5193
Direct Telephone:      317/899-9220
Facsimile Number:      317/982-5463
Email Address:         jaym@ecrls.com

## **CERTIFICATE OF SERVICE**

  I certify that on March 17, 2017, the foregoing was filed electronically. Copies will be sent to the following counsel of record for the Defendant by operation of the Court's ECM/CF system:

Cintra Bentley McArdle          cmcardle@seyfarth.com
Jill C. Taylor              jctaylor@seyfarth.com
SEYFARTH SHAW, LLP

                 *s/ Jay Meisenhelder*