UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PAMELA HARRIS, | ) |
| | ) |
|     *Plaintiff*, | ) |
| | ) |
|     vs. | )   No. 1:15-cv-1952-JMS-MJD |
| | ) |
| CARRIER CORPORATION, | ) |
| | ) |
|     *Defendant*. | ) |

**ORDER ON DEFENDANT'S MOTION TO DISMISS**

Plaintiff Pamela Harris' Amended Complaint asserts five employment discrimination claims against Defendant Carrier Corporation ("Carrier"). [Filing No. 49.] Carrier has filed a Motion to Dismiss, asking the Court to dismiss four of those five claims. [Filing No. 52.] After Carrier's Motion to Dismiss was fully briefed, Ms. Harris filed a Statement of Claims pursuant to the parties' Case Management Plan, confirming that she now only is pursing three of those claims—sex discrimination, disability discrimination, and retaliation claims. [Filing No. 73.] Because Ms. Harris is no longer pursuing her race and age discrimination claims, the Court denies as moot Carrier's request to dismiss those claims.[1] [Filing No. 52.] For the reasons detailed herein, the Court denies Carrier's request to dismiss Ms. Harris' disability discrimination and retaliation claims. [Filing No. 53.]

**I.
STANDARD OF REVIEW**

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)

---

[1] Carrier's Motion to Dismiss does not ask the Court to dismiss Ms. Harris' sex discrimination claim, and the Court will not address that claim further at this time.

1

(quoting Fed. R. Civ. Pro. 8(a)(2)). "Specific facts are not necessary, the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).

A motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal, Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II.
### RELEVANT BACKGROUND

The relevant background is set forth pursuant to the applicable standard of review, which requires the Court to accept all of Ms. Harris' well-pled allegations as true at this stage of the proceedings. The Court emphasizes that these allegations are considered true only for purposes of deciding the pending motion.

Ms. Harris is an African American woman over the age of forty, who began her employment with Carrier as a machine repair apprentice on or about February 15, 2005. [Filing No. 49 at 2.] In 2008, Ms. Harris was placed in a training program to obtain her certification as a Journeyman employee, and she has since been given the title of Journeyman by Carrier although

she has not been given her actual certification and credentials as a Journeyman. [Filing No. 49 at 3.] Since 2008, Ms. Harris has worked in an otherwise all male, skilled trade position at Carrier. [Filing No. 49 at 3.] She has been subjected to repeated and persistent harassment by her male counterparts, including but not limited to, being told by her group leader that women should not be working in skilled trade positions; being subjected to false reports of rule and production standards violations, resulting in unwarranted disciplinary actions against her; being accused by her supervisor of "doing a man's job;" being given inappropriate work orders; being denied well-rounded training opportunities that were made available to male Journeymen; being assigned to work alone in hazardous conditions which were usually staffed by two or more employees; and being referred to by her Supervisor as his "girlfriend" even though Harris repeatedly told the Supervisor that she found the term offensive and asked him to stop. [Filing No. 49 at 3.] Ms. Harris reported these violations to Carrier's plant safety office and alleges that she was subjected to retaliation in the form of an unwarranted reprimand. [Filing No. 49 at 3.]

Ms. Harris suffered an on-the-job shoulder injury that resulted in significant medical work restrictions, including no crawling or climbing, lifting restrictions, and push/pull restrictions. [Filing No. 49 at 3-4.] Ms. Harris was required to be off work for a prolonged period of time due to the injury. [Filing No. 49 at 4.] When she attempted to return to work, she was routinely assigned to tasks that violated her work restrictions. [Filing No. 49 at 4.] Ms. Harris reinjured her arm in July 2015, was placed on medical leave, and was tentatively scheduled to return to work on January 2, 2016. [Filing No. 49 at 4.] When she attempted to return to work, Carrier refused to provide her with either a job within her work remaining work restrictions or a reasonable accommodation for her disability. [Filing No. 49 at 4.] After several months, Ms. Harris was allowed to return to work as an Inspector. [Filing No. 49 at 4.] She continued to be subjected to

3

harassment by male employees, including unwarranted and unjustified reprimands, denial of overtime, and further delays in obtaining her Journeyman credentials and certification. [Filing No. 49 at 4.]

Ms. Harris filed two charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"), and she subsequently received right to sue letters. [Filing No. 49 at 2.] Ms. Harris filed a Complaint in federal court against Carrier on December 11, 2015, [Filing No. 1], and subsequently filed an Amended Complaint that is the operative pleading, [Filing No. 49]. In response, Carrier filed a Motion to Dismiss, which is now ripe for the Court's review. [Filing No. 52.]

### III.
### DISCUSSION

Carrier asks the Court to dismiss Ms. Harris' disability discrimination and retaliation claims. [Filing No. 53.] The Court will address the parties' arguments regarding these claims in turn.

#### A. Disability Discrimination Claim

Ms. Harris' Amended Complaint asserts a disability discrimination claim based on her shoulder injury. [Filing No. 49 at 6.] She alleges that Carrier unlawfully discriminated against her because of her disability by subjecting her to terms and conditions of employment that are less favorable than those enjoyed by similarly situated employees that were not disabled. [Filing No. 49 at 6.]

In its Motion to Dismiss, Carrier argues that Ms. Harris' allegations are insufficient to plead a claim for disability discrimination because Ms. Harris makes conclusory allegations and does not allege that she is qualified to perform the essential functions of her Journeyman position with or without a reasonable accommodation. [Filing No. 53 at 6-8.] Carrier also contends that Ms.

4

Harris' disability discrimination claim fails because she allegedly failed to exhaust her administrative remedies because her failure to accommodate allegations post-date the EEOC charges she filed. [Filing No. 53 at 9.]

In response, Ms. Harris contends that the allegations supporting her disability discrimination claim are not conclusory and that they raise a reasonable expectation that discovery will reveal supporting evidence. [Filing No. 63 at 5.] Ms. Harris clarifies that she is not making a reasonable accommodation claim, [Filing No. 63 at 8], but instead that her claim is based on Carrier conducting prohibited medical inquiries into her medical condition in violation of the ADA. [Filing No. 63 at 6 (citing Filing No. 53-1 at 2).]

In reply, Carrier reasserts its arguments and points out that Ms. Harris has "improperly tried to recast her ADA discrimination claim as one based on Carrier's alleged, unspecified 'prohibited medical inquiries.'" [Filing No. 64 at 5.] Carrier emphasizes that this allegation was not in Ms. Harris' Amended Complaint. [Filing No. 64 at 5.]

There are several prerequisites for bringing a Title VII claim—"[a] plaintiff must file a charge with the EEOC detailing the alleged discriminatory conduct within the time allowed by statute, and the EEOC must issue a right-to-sue letter." *Conner v. Illinois Dep't of Nat. Res.*, 413 F.3d 675, 680 (7th Cir. 2005). "A Title VII plaintiff may bring only those claims that were included in her EEOC charge, or that are like or reasonably related to the allegations of the charge and growing out of such allegations." *Geldon v. S. Milwaukee Sch. Dist.*, 414 F.3d 817, 819 (7th Cir. 2005). Additionally, "claims brought in judicial proceedings must be within the scope of the charges filed with the EEOC; an aggrieved employee may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances of discrimination." *Conner*, 413 F.3d at 680.

One of Ms. Harris' EEOC charges stated that she "was discriminated against based on [her] disability when [Carrier] conducted prohibited medical inquiries in violation of [her] rights under the [ADA]."[2] [Filing No. 53-1 at 2.] While Ms. Harris' Amended Complaint more generally alleges a claim for disability discrimination, the Court will not dismiss it as a matter of law at the pleadings stage because the Court cannot say that Ms. Harris' disability discrimination claim against Carrier fails as a matter of law. Accordingly, the Court must deny Carrier's request to dismiss the disability discrimination claim. *See Manning v. Miller*, 355 F.3d 1028, 1031 (7th Cir. 2004) (emphasizing that a motion to dismiss "should not be granted unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

### B. Retaliation Claim

Ms. Harris' Amended Complaint alleges that she engaged in protected activity by filing her EEOC charges and that she was retaliated against for it. [Filing No. 49 at 7-8.] She alleges that she was subjected to repeated acts of harassment and that she was treated less favorably than similarly situated employees who did not engage in protected activity. [Filing No. 49 at 8.]

Carrier asks the Court to dismiss Ms. Harris' retaliation claim because it contends that her claim is "not plausible" and conclusory. [Filing No. 53 at 10.] Carrier focuses on an allegation in the background section of Ms. Harris' Amended Complaint that alleges she was retaliated against

---

[2] Although Ms. Harris did not attach her EEOC charges to her Amended Complaint, the Court may consider them without converting the pending motion to a motion for summary judgment because Carrier attached them to its Motion to Dismiss, Ms. Harris referenced them in her pleading, and they are central to the case. *See Lankford v. BorgWarner Diversified Transmission Prod., Inc.*, 2004 WL 540983, at *2 (S.D. Ind. 2004) (EEOC charge attached to a motion to dismiss is considered part of the pleadings); *see also Bluford v. Swift Transp.*, 2010 WL 1755772, at *1 (N.D. Ill. 2012) (same).

6

for "reporting safety violations," which Carrier contends is not statutorily protected activity. [Filing No. 53 at 10.]

In response, Ms. Harris cursorily points out that she alleges that she was retaliated against "for filing her original EEOC charge." [Filing No. 63 at 4.]

In reply, Carrier contends that Ms. Harris waived any response to its retaliation arguments by not responding to them. [Filing No. 64 at 2-3.] Carrier again emphasizes that complaining about alleged safety violations is not protected activity that can support a retaliation claim. [Filing No. 64 at 3.]

To succeed on her retaliation claim, Ms. Harris must show that she engaged in statutorily protected activity, she suffered an adverse employment action, and there was a causal connection between the two. *Boston v. U.S. Steel Corp.*, 816 F.3d 455, 464 (7th Cir. 2016). Carrier's sole argument supporting its request to dismiss Ms. Harris' retaliation claim at this stage is that it contends that Ms. Harris' claim is based on her alleged retaliation after reporting safety violations, which Carrier says is not statutorily protected activity. [Filing No. 53 at 10.] While Ms. Harris does make that allegation in the background section of her Amended Complaint, [Filing No. 49 at 3], her legal claim for retaliation asserts that it is based on alleged harassment she suffered after filing her EEOC charges, [Filing No. 49 at 7-8.] Even assuming that reporting a safety violation is not statutorily protected activity, it is beyond dispute that filing an EEOC charge is protected activity, *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 663 (7th Cir. 2006), and that Ms. Harris cites the EEOC charges she files as the protected activity on which her retaliation claim is based, [Filing No. 49 at 7-8]. While the parties' briefing on Ms. Harris' retaliation claim leaves much to be desired, the Court cannot say that this claim fails as a matter of law at the pleadings stage. Accordingly, the Court must deny Carrier's request to dismiss it. *Manning*, 355 F.3d at 1031.

## IV.
### CONCLUSION

Ms. Harris' recently filed Statement of Claims confirms that she is no longer pursuing race and age discrimination claims against Carrier. [Filing No. 73.] Accordingly, the Court **DENIES AS MOOT** Carrier's request to dismiss those claims. [Filing No. 52.] For the reasons stated herein, the Court **DENIES** Carrier's request to dismiss Ms. Harris' disability discrimination and retaliation claims at this time. [Filing No. 52.]

Date: March 23, 2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Electronic Distribution via CM/ECF:**

Jay Meisenhelder
JAY MEISENHELDER EMPLOYMENT & CIVIL RIGHTS LEGAL SERVICES PC
jaym@ecrls.com

Robert Joseph Opat
MEISENHELDER EMPLOYMENT AND CIVIL RIGHTS LEGAL SERVICES, P.C
robertopat@ecrls.com

Cintra Bentley McArdle
SEYFARTH SHAW LLP
cmcardle@seyfarth.com

Jill C. Taylor
SEYFARTH SHAW LLP (Chicago)
jctaylor@seyfarth.com